UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDWARD A. YERDON, *pro se*,

                                *Plaintiff*,

-against-                                      21-cv-565
                                                          LEK/ML

KARIN POITRAS, et al.,

                                *Defendants*.
_____


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS


                                                         LETITIA JAMES
                                                         Attorney General of the State of New York
                                                         *Attorney for Defendants, Poitras, New York*
                                                         *State Dept. of Motor Vehicles, and Romand*
                                                        The Capitol
                                                         Albany, New York 12224

Lynn M. Knapp
Assistant Attorney General, of Counsel
Bar Roll No. 507430
Telephone: (518) 776-2598
Email: Lynn.Knapp@ag.ny.gov

## TABLE OF CONTENTS

PRELIMINARY STATEMENT………………………………………………………………1

STATEMENT OF FACTS ALLEGED IN COMPLAINT …………………………………...1

STANDARDS OF REVIEW…………………………………………………………………...2-3

ARGUMENT

    POINT I
        THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION……………………………3

    POINT II
        THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS…..4-6

    POINT III
        THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UNDER THE ADA………………………………….6-7

CONCLUSION……………………………………………………………….……………..7

## PRELIMINARY STATEMENT

Plaintiff, Edward A. Yerdon, proceeding *pro se*, brings this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*., against Defendants, Karin Poitras, New York State Department of Motor Vehicles ("NYS DMV"), and Elizabeth Romand.[1] Dkt. No. 1. The conduct complained of includes termination of employment, failure to make alterations to accommodate disability, retaliation, and other acts including harassment and violating reasonable accommodation ("RA") intentionally. *Id*., ¶5. Plaintiff's prayer for relief requests: (i) compensation for emotional distress; (ii) compensation for legal expenses; (iii) compensation for lost wages; (iv) a letter of apology and acknowledgement of wrong doing; and (v) institution of autism and personality disorder training for staff and managers. *Id*., ¶7.

Defendants move to dismiss the complaint in its entirety, with prejudice, pursuant to Rules 12(b)(1), (b)(2), (b)(5) and (b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS ALLEGED IN COMPLAINT

Plaintiff alleges that he has a disability consisting of ADHD learning disabilities, Obsessive Compulsive Disorder, Schizotypal Personality Disorder, and Generalized Anxiety Disorder. Dkt. No. 1., ¶4. Plaintiff nakedly asserts that Defendant Poitras (an employee of NYS DMV) gave him an unfair ultimatum and did not follow his accommodation during the month before his termination. *Id*., p. 5. The complaint contains no factual allegations regarding what the accommodation was or how it was not followed. Dkt. No. 1. Plaintiff also nakedly asserts that

---

[1] The caption of the complaint names "Elizabeth Romand GOER" as a defendant. Dkt. No. 1. However, the "Parties" section of the complaint does not list the Governor's Office of Employee Relations ("GOER") as a defendant. Dkt. No. 1, pp. 1-2. Also, the civil docket does not list GOER as a defendant and it indicates that a summons has not been issued as to GOER. Thus, GOER is not a party to the action and this office has not appeared on behalf of GOER.

Defendant Romand (an employee of GOER) did nothing to intervene before his termination. *Id.*, p. 5.

## STANDARDS OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b) tests the legal sufficiency of the complaint.

On a motion to dismiss for lack of subject matter jurisdiction pursuant to FRCP12(b)(1), the Court must dismiss a claim if it "lacks the statutory or constitutional power to adjudicate it." Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008); Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Robbins v. N.Y. Corn & Soybean Growers Ass'n., 244 F. Supp. 3d 300, 303 (N.D.N.Y. 2017) (citations omitted). In defending against a 12(b)(1) motion, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).

A motion to dismiss pursuant to FRCP 12(b)(5) concerns the Court's lack of personal jurisdiction. In defending against such a motion, "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Metro. Life Ins. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996) (citation omitted).

In order to survive a motion to dismiss pursuant to FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, while the Court assumes the truth of the facts asserted in the complaint and draws all reasonable inferences from those facts in favor of a plaintiff, a complaint must set forth more than a possibility that a defendant

has acted unlawfully. Id. Mere "labels and conclusions" will not suffice, nor will a complaint that makes "naked assertion[s]' devoid of "further factual enhancement." Id.; Martin v. N.Y. State Dep't of Mental Hygiene, 588 F.2d 371, 372 (2d Cir. 1978) (citations omitted).

Given the applicable standards of review, Plaintiff's complaint should be dismissed in its entirety, with prejudice, for the reasons set forth below.

## ARGUMENT

### POINT I
### THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION.

The Eleventh Amendment bars actions against state and state agencies by private individuals in federal court unless the state has waived its sovereign immunity or Congress has validly abrogated that immunity. Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 373 (2001); Gollomp v. Spitzer, 568 F.3d 355, 365-66 (2d Cir. 2009). It is well-established that Titles I and V of the ADA do not abrogate states' sovereign immunity, and that New York has not waived its sovereign immunity under Titles I or V of the ADA. Quadir v. New York State Dept. of Labor, 39 F.Supp. 3d 528 (S.D.N.Y. 2014). It is also well-established that NYS DMV is an arm of the state to which Eleventh Amendment immunity extends. McGinty v. New York, 251 F.3d 84 (2d Cir. 2001); Mullin v. P & R Educational Services, Inc., 942 F. Supp. 110 (E.D.N.Y. 1996).

Given that NYS DMV possesses sovereign immunity, which has neither been abrogated by Congress or waived by the State of New York, Plaintiff's ADA claims against Defendant, NYS DMV, should be dismissed, with prejudice.

3

## POINT II
## THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS.

Pursuant to FRCP 12(b)(5), a complaint may be dismissed for insufficient service of process. Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V., 451 F. Supp. 2d 585 (S.D.N.Y. 2006). FRCP 4(e)(1) allows an individual to be served in accordance with state law of the jurisdiction where the district court is located. FRCP 4(j)(2) allows a state-created governmental organization to be served in the manner prescribed by that state's law for serving process on such a defendant.

In the State of New York, pursuant to Civil Practice Law and Rules ("CPLR") §308(4), where personal service cannot be made by delivering the summons under CPLR §308 (1) and (2) with due diligence, service upon a natural person may be made by "nail and mail." "Nail and mail" service may only be utilized if personal service cannot be made with due diligence, and a single attempt at personal service does not constitute due diligence. Janko Pool Service, Inc. v. Berelson, 145 A.D.2d 897 (3rd Dept. 1988). "Nail and mail" service under CPLR §308(4) requires that the summons be affixed to the door of either the actual place of business, dwelling place or usual place of abode of the person to be served and either mailing the summons to such person at his/her last known residence or mailing the summons by first class mail to the person to be served at his/her actual place of business in an envelope bearing the legend "personal and confidential."

With regard to service upon a New York State agency, pursuant to CPLR §307(2), service may be made by mailing the summons by certified mail, return receipt requested, to the chief executive officer of such agency and by personal service upon the state in the manner provided by §307(1). The CPLR does not provide for "nail and mail" service upon a New York State agency.

4

Here, the Affidavits of Service ("AOS") filed by Plaintiff indicate that service of process was not properly made upon any of the Defendants. Dkt. Nos. 6, 7, and 11. With regard to Defendant, NYS DMV, the AOS indicates that the summons and complaint were affixed to the door of 855 Central Avenue in Albany, New York and left in a drop box on Central Avenue. Dkt. No. 6. Contrary to the requirements of CPLR §307(2), the summons was not served by certified mail, return receipt requested, and there was no personal service upon the state in the manner provided by §307(1). Dkt. No. 6. With regard to Defendant, Karin Poitras, the AOS indicates that, after only one attempt to find Poitras or a person of suitable age and discretion, the summons and complaint were affixed to the door of 855 Central Avenue in Albany, New York and left in a drop box on Central Avenue. Dkt. No. 7. Contrary to the requirements of CPLR §308(4), there was no due diligence to effect personal service and the summons was not mailed by first class mail to Poitras's actual place of business. Dkt. No. 7. With regard to Defendant, Elizabeth Romand, the AOS indicates that, after only one attempt to find Romand or a person of suitable age and discretion, the summons and complaint were affixed to the door of 855 Central Avenue in Albany, New York and left in a drop box on Central Avenue. Dkt. No. 11. Contrary to the requirements of CPLR§308(4), there was no due diligence to effect personal service and the summons was not mailed by first class mail to Romand's actual place of business. As indicated by the complaint, Romand is an employee of GOER, not NYS DMV. Thus, pursuant to the above-cited provisions of the CPLR, it was improper to serve Romand at the address of NYS DMV.

The procedural requirements of service must be satisfied before a federal court may exercise personal jurisdiction over a defendant. Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97 (1987). Here, because none of the Defendants has been properly served with process, the complaint should be dismissed in its entirety. Further, the dismissal should be with

prejudice because, for the reasons stated herein, subsequent service upon the Defendants would be futile. Saucier v. United States DOJ, 2019 U.S. Dist. LEXIS 23253 (N.D.N.Y. Feb. 13, 2019), a copy of which is attached.

### POINT III
### THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UNDER THE ADA.

As a matter of law, individual defendants are not subject to liability under any title of the ADA, including Titles I and V. Darcy v. Lippman, 356 Fed. Appx. 434 (2d Cir. 2009); Spiegel v. Schulmann, 604 F.3d 72 (2d Cir. 2010). Accordingly, to the extent that the complaint purports to assert ADA claims against Defendants, Karin Poitras and Elizabeth Romand, it must be dismissed, with prejudice, for failure to state a claim.

Also, Plaintiff has not plausibly alleged that he is disabled within the meaning of the ADA. The ADA defines a "disability", in relevant part, as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. §12102(1)(A). "Major life activities" include: "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. §12102(2)(A). Here, Plaintiff fails to allege that his disability "substantially limits" a "major life activity." Dkt. No. 1. In fact, Plaintiff fails to identify any "major life activity" that is affected by his alleged disability. Dkt. No. 1. This failure is fatal to Plaintiff's ADA claims. Laface v. Eastern Suffolk BOCES, 349 F. Supp.3d 126 (E.D.N.Y. 2018) (dismissing plaintiff's cause of action under the ADA with prejudice after finding that plaintiff "fails to allege facts from which it is possible to infer that he possesses a physical or mental impairment that substantially limits him in one or more major life activity.")

In the complaint, Plaintiff claims that Defendants failed to make alterations to accommodate disability. Dkt. No. 1, p. 3, ¶5(D). However, Plaintiff alleges that his RA was violated intentionally and that his accommodation was not followed during the month before his termination. Dkt. No 1, p. 3, ¶5(F) and p. 5. Given said allegations, which indicate that an accommodation was provided, Plaintiff's claim for failure to accommodate should be dismissed.

In the complaint, Plaintiff nakedly asserts a claim for retaliation. *See* Dkt. No. 1, p. 3, ¶5 (E). A *prima facie* case for retaliation under the ADA requires a plaintiff to allege that (1) he engaged in a protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse employment action; and (4) there was a causal connection between the protected activity and the adverse action. <u>Weixel v. Bd. of Educ. of City of N.Y.</u>, 287 F.3d 138 (2d Cir. 2002); <u>Treglia v. Town of Manlius</u>, 313 F.3d 713 (2d Cir. 2002). Plaintiff's retaliation claim cannot succeed because he fails to plausibly allege any of the required elements of such claim. For example, it is not clear what protected activity Plaintiff engaged in or what adverse action was taken because of the protected activity.

Given Plaintiff's naked assertions, and the lack of factual allegations that support any claim under the ADA, the complaint should be dismissed in its entirety for failure to state a claim.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's complaint in its entirety, with prejudice.

Dated: Albany, New York
       August 25, 2021

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants, Poitras, New York State Dept. of Motor Vehicles, and Romand*
The Capitol
Albany, New York 12224-0341

*Lynn M. Knapp*

Lynn M. Knapp, of Counsel
Bar Roll No. 507430
Telephone: (518) 776-2598
Email: Lynn.Knapp@ag.ny.gov

8