Point 1

I had complained to the New York State Governor's, I had complained to NY Division of human rights and had the case reviewed by the federal EEOC. My determination says that I can go to Federal or State Court. This was attached to the file for this case in the past couple of days.

Point 2

Process was by Servico, (professional process server company) as required under current COVID 19 procedures at the time. I am attaching an email summarizing the guidelines for the serving of process under COVID rules as mandated by the DMV. Furthermore, Ms. Romand physically works at the Swan street location and not at GOER's headquarters. Servico staff informed me that process is to be served where Ms. Romand works.

Point 3

As mentioned in my complaint, my disabilities listed are covered under ADA and, by definition limit: Sleeping, concentrating, thinking, communicating, speaking and working.

My accommodation required my supervisor to give written instructions in bulleted points. In August, 2020 I was given a performance review that served as an ultimatum for me to lose my job. There were no bulleted points and it was clearly a violation of the accommodation. I was unable to comprehend the instructions due to my disability and I complained to GOER and Elizabeth Romand as her job function was to receive such complaints. GOER and Ms. Romand were negligent and potentially biased in carrying out my complaint until only after I was terminated. Karin Poitras took advantage of the gullibility I have to due my disability and complimented me and gave me positive feedback. It wasn't until the moment I was terminated that I was aware of any performance issue.

Ms. Poitras had previously taken away job duties as a form of retaliation due to an earlier complaint and scored me negatively for not doing those removed duties. Ms. Poitras also insisted that my direct report file his time, attendance, and vacation requests through her. She undermined my authority and took away the rights of supervisorship. She then scored my supervising skills negatively as a result.

Ms. Poitras would send emails asking me "what was I thinking?!?". Under the ADA I have a disability in thinking.

I was given a biased and political treatment that lead me to failure. If my accommodation was followed and respected, I would not have lost the job.

<u>Nakedness of Claim</u>

Evidence exists as it was submitted to the New York State Division of Human Rights, and was reviewed by the EEOC. Copies of all existing evidence and testimony will be supplied as part of discovery. The issue of the case not succeeding at DHR was due to lack of evidence. Additional evidence will be able to surface at that time. The goal of filing this suit is to open up the discovery process and to bring accountability to these questionable behaviors by the DMV and also GOER.

Protected activity

I filed a complaint about Ms. Poitras for the jokes she made about suicide in front of all other employees. Karin Poitras would be visibly upset and would hammer her notebook on the desk. This made me intimidated. This was filed with GOER around early of March, 2020. Ms. Poitras' treatment towards me became much more negative after I filed the complaint. The treatment included removal of privileges as an employee and supervisor.

Conclusion

Ms. Poitras acted out of bias and disrespect for my disability. She needs to be held accountable in front of a jury.

An individual such as myself should have the opportunity to present my case before my peers. DMV and GOER would like my case to just be dismissed on technicalities. Dismissal would not represent a thorough sense of justice.

The defendant's claims of nakedness are dismissed due to no requirement on the part of the plaintiff to file evidence at this point in the process.

Electronic access to PACER be granted to Edward Yerdon.

The suit progresses to the next step of the lawsuit process, and all of the defendant's requests are denied.

*Edward A. Yerdon*

*[signature]*