UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

EDWARD A. YERDON,

                        Plaintiff,

   -against-                                      1:21-CV-0565 (LEK/ML)

KARIN POITRAS, *et al.*,

                        Defendants.

───────────────────────────────────────

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Plaintiff Edward Yerdon brings this pro se civil rights action pursuant to the Americans with Disabilities Act ("ADA"), against Defendants Karin Poitras, Elizabeth Romand, and the New York State Department of Motor Vehicles ("DMV"). Dkt. No. 1 ("Complaint"). Presently before the Court is Defendants' motion to dismiss the complaint pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. Nos. 14 ("Motion"), 14-1 ("Defendants' Memorandum"). Plaintiff opposes Defendants' motion to dismiss. Dkt. No. 20 ("Response"). For the reasons that follow, the Motion is denied.

**II.    BACKGROUND**

       The following factual allegations contained in the Complaint are assumed to be true. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 76 (2d Cir. 2015).

       Briefly, Plaintiff's allegations arise from disability discrimination he experienced while employed at the DMV. See Compl. at 2–3, 5. Defendant Poitras was responsible for assigning Plaintiff's tasks and graded Plaintiff on his work performance. Id. at 5. Before Plaintiff was terminated, he filed a discrimination complaint with the New York State Governor's Office of

Employee Relations. Id. However, Plaintiff alleges that neither the Governor's Office of Employee Relations nor Defendant Romand, an employee of the Office, did anything to intervene. Id.

## III. LEGAL STANDARD

### A. Rule 12(b)(1) Motion to Dismiss

When a defendant "moves for dismissal under Rule 12(b)(1), as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." United States ex rel. Kreindler & Kreindler v. United Tech. Corp., 985 F.2d 1148, 1155–56 (2d Cir. 1993) (internal quotation marks and citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "To survive a defendant's Rule 12(b)(1) motion to dismiss for lack of standing, plaintiffs must allege facts that affirmatively and plausibly suggest that [they have] standing to sue." Kiryas Joel Alliance v. Village of Kiryas Joel, 495 F. App'x 183, 188 (2d Cir. 2012) (alteration in original) (internal quotation marks omitted). In considering a motion to dismiss under Rule 12(b)(1), a court must accept as true all material factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiffs. Buday v. N.Y. Yankees P'Ship, 486 F. App'x 894, 896 (2d Cir. 2012). Plaintiffs, as the parties asserting subject matter jurisdiction, bear the burden of establishing their standing as the proper parties to bring this action. See Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc., 697 F.3d 59, 65 (2d Cir. 2012).

### B. Rule 12(b)(5) Motion to Dismiss

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Sikhs for Justice v. Nath, 850 F. Supp. 2d 435, 439–40 (S.D.N.Y. 2012) (quoting Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006)). On a motion to dismiss pursuant to 12(b)(5) for deficient service of process, the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Soos v. Niagara County, 195 F. Supp. 3d 458, 462 (W.D.N.Y. 2016) (quoting In re Magnetic Audiotape Antitrust Litig., 334 F.3d 205, 206 (2d Cir. 2003)). Plaintiff must meet this burden by making a prima facie case of proper service "through specific factual allegations and any supporting materials." Kwon v. Yun, No. 05-CV-1142, 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21, 2006). "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." Soos, 195 F. Supp. 3d at 463 (quoting Jackson v. City of New York, No. 14-CV-5755, 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015)).

### C. Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to

state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

**IV.   DISCUSSION**

Defendants raise three arguments. First, that the Court lacks subject matter jurisdiction against Defendant DMV. Defs.' Mem. at 5.[1] Second, that the Court lacks personal jurisdiction over the defendants. Id. at 6–8. Third, that the Complaint fails to state a claim under the ADA. Id. at 8–9. As mentioned above, the Court will first consider the Rule 12(b)(1) challenge. Afterwards, the Court will consider the Rule 12(b)(5) challenge before reaching a Rule 12(b)(6) determination. See Styles v. Westchester Cty., No. 18-CV-12021, 2020 WL 1166404, at *4 (S.D.N.Y. Mar. 10, 2020) ("Where a defendant moves for dismissal under Rules 12(b)(2), (5), and (6), the Court must first address the preliminary questions of service and personal jurisdiction.") (quoting Hertzner v. U.S. Postal Serv., No. 05-CV-2371, 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007)).

---

[1] Where page numbers are generated by CM/ECF, the Court's electronic filing system, citations to filings refer to these generated page numbers.

### A. Rule 12(b)(1) Motion to Dismiss

Defendants first argue that the Court lacks subject matter jurisdiction over the ADA claims against the DMV because of the Eleventh Amendment. Defs.' Mem. at 5. The Eleventh Amendment bars individuals from suing states in federal court, unless Congress abrogates states' immunity or a state consents to suit. See U.S.Const. Amend. XI; Gollomp v. Spitzer, 568 F.3d 355, 365–66 (2d Cir. 2009). Eleventh Amendment immunity in this case extends to arms of New York State, including the New York State Department of Motor Vehicles. See Sandoval v. Dep't of Motor Vehicles State of New York, 333 F. Supp. 2d 40, 43 (E.D.N.Y. 2004). However, the Court is not convinced that it can determine the sovereign immunity issue at the Rule 12(b)(1) stage because "[w]hile the Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power, and therefore can be raised at any stage of the proceedings, . . . it is not coextensive with the limitations on judicial power in Article III." Calderon v. Ashmus, 523 U.S. 740, 745 n.2 (1998); see also Warburton v. John Jay Coll. of Criminal Justice of City Univ. of New York, No. 14-CV-9170, 2015 WL 3948107, at *3 (S.D.N.Y. June 29, 2015) ("sovereign immunity [is more like] an affirmative defense than . . . a jurisdictional bar") (quoting Carver v. Nassau Cty. Interim Fin. Auth., 730 F.3d 150, 156 (2d Cir. 2013)). Therefore, the Court finds that it is more appropriate to address the DMV's sovereign immunity arguments as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).

### B. Rule 12(b)(5) Motion to Dismiss

Next, Defendants argue that Plaintiff failed to properly serve them with the summons and Complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure. Defs.' Mem. at 6–8.

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual may be served either by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1).

Rule 4 of the Federal Rules of Civil Procedure also provides that a state, a municipal corporation, or any other state-created governmental organization must be served by (a) "delivering a copy of the summons and of the complaint to its chief executive officer" or (b) "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)–(B).

Moreover, under Rule 4(d), a plaintiff may notify a defendant "that an action has been commenced and request that the defendant waive service." See Fed. R. Civ. P. 4(d)(1). The request may "be sent by first-class mail or other reliable means," and must "be accompanied by a copy of the complaint, 2 copies of the [required] waiver form . . . , and a prepaid means for returning the form." See Fed. R. Civ. P. 4(d)(1)(C), (G). "When the plaintiff files a waiver, proof of service is not required and [the] rules apply as if a summons and complaint had been served at

the time of filing the waiver." Fed. R. Civ. P. 4(d)(4). There is nothing to indicate Plaintiff made any request to the Defendants to waive service.

Finally, under Rule 4(m), "[i]f the plaintiff fails to serve a defendant within 90 days of filing the complaint, the action must be dismissed without prejudice unless the plaintiff shows 'good cause.'" Trombetta v. Novocin, No. 18-CV-993, 2020 WL 7053301, at *2 (S.D.N.Y. Nov. 24, 2020) (citing Fed. R. Civ. P. 4(m)). Still, the Second Circuit has held that "district courts have discretion to grant extensions, and may do so even in the absence of good cause." Meilleur v. Strong, 682 F.3d 56, 61 (2d Cir. 2012).

Here, Plaintiff "served" Defendants by leaving the documents in a drop box and affixing it to the door. See Dkt. Nos. 6–7, 11 (collectively, "Affidavits of Service"). Furthermore, in the Affidavits of Service, the service processor noted that a security guard advised him to leave it in a drop box on Central Avenue. Id. Defendants argue that Plaintiff's service did not comply with the New York Civil Practice Law and Rules ("CPLR"). Defs.' Mem. at 6–8. In Plaintiff's Response, he indicates that he relied on Servico, a professional process server company, to complete service. Resp., Point 2. Additionally, in a supplemental filing months after his Response, Plaintiff provided the Court with an email from Servico explaining the COVID-19 service procedures. See Dkt. No. 21. The Court will analyze whether the service complied with the Federal Rules of Civil Procedure and the CPLR.

### 1. Individual Defendants

The Court begins by noting that Plaintiffs' service on Defendants Poitras and Romand did

not comply with Rule 4(e)(2).² First, Rule 4(e)(2)(A) includes service that is delivered personally. See, e.g., Ivey v. Albany Cty., No. 20-CV-1617, 2021 WL 6125386, at *4 (N.D.N.Y. Dec. 28, 2021) (Kahn, J.) ("Courts have recognized that the term 'delivery' is a term of art under Rule 4 and it must be personal."); Tate v. YRC Worldwide, Inc., No. 08-CV-0007, 2008 WL 11318316, at *2 (E.D.N.Y. Sept. 23, 2008) ("Because the 'term "delivery" as used in Rule 4(h)(1)(B) does not include service by mail,' service under that Rule must be personal—i.e., by hand." (citing Travelodge Hotels, Inc. v. Vijay Investments, LLC, No. 07-CV-4033, 2007 WL 4557641, at *1 (D.N.J. Dec. 21, 2007)). Because service was not delivered personally, Rule 4(e)(2)(A) does not save Plaintiff. Rule 4(e)(2)(B) does not provide relief to Plaintiff either because he left the copy of the summons and complaint at the individual defendants' place of employment and in a mail box, which is not what the rule requires. See Fed. R. Civ. P. 4(e)(2)(B) ("leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there") (emphasis added). Finally, Plaintiff fails under Rule 4(e)(2)(C) because there is nothing to indicate that individual defendants were agents authorized to accept service, and even if they were, the delivery must be personal.

Having found that Plaintiff failed to comply with Rule 4(e)(2), the Court turns its attention to Rule 4(e)(1), which incorporates the CPLR. New York law provides:

> Personal service upon a natural person shall be made by any of the following methods:
>
> 1. by delivering the summons within the state to the person to be served; or

---

² Defendants do not address Rule 4(e)(2) at all and instead focus on Rule 4(e)(1) and the incorporated CPLR provisions.

2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law; or

3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with

>the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;
>
>5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.
>
>6. For purposes of this section, "actual place of business" shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business.

CPLR § 308.

Defendants focus on CPLR § 308(4) and argue that Plaintiff has not shown due diligence. Defs.' Mem. at 7. The Court agrees. "New York courts hold that plaintiffs may only resort to the 'nail and mail' method of service described in CPLR § 308(4) 'where personal service under CPLR 308(1) and (2) cannot be made with due diligence.'" Jordan v. Pierre, No. 18-CV-8528, 2019 WL 2461721, at *1 (S.D.N.Y. May 28, 2019) (quoting JP Morgan Chase Bank, N.A. v. Baldi, 10 N.Y.S.3d 126, 127 (App. Div. 2015)). "The due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received." O'Connell v. Post, 811 N.Y.S.2d 441, 442 (App. Div. 2006) (quotation marks omitted).

According to the Affidavits of Service, the "Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion[.]" See Affs. of Serv. Such a conclusory statement alone is not sufficient to meet the due diligence requirement. "When determining whether the process server's actions constitute due diligence [under CPLR § 308], courts should not focus on the quantity of the attempts at personal delivery, but on their quality." Allstate Ins. Co. v. Rozenberg, 771 F. Supp. 2d 254, 261 (E.D.N.Y. 2011). "In considering whether the 'due

10

diligence' requirement has been met, New York courts frequently inquire as to whether a plaintiff attempted service at both the defendant's residence and the defendant's place of employment." Jordan, 2019 WL 2461721, at *1. Here, without anything else in the record, the process server only attempted personal service once at Defendants' place of employment before resorting to "nail and mail" service. This does not constitute "due diligence." See J & J Sports Prods., Inc. v. Morocho, No. 18-CV-2303, 2019 WL 1339198, at *4 (E.D.N.Y. Feb. 27, 2019) ("Here, the process server's single attempt at personal service prior to attempting nail and mail service did not constitute 'due diligence' within the meaning of N.Y. C.P.L.R. § 308."), report and recommendation adopted, 2019 WL 1333245 (E.D.N.Y. Mar. 25, 2019). Thus, the Court finds that Plaintiff's Affidavits of Service on Defendants Poitras and Romand did not comply with CPLR § 308.

### 2. State Agency

Service can be completed on the DMV by (a) "delivering a copy of the summons and of the complaint to its chief executive officer" or (b) "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)–(B). Because there is nothing to indicate that Plaintiff complied with Rule 4(j)(2)(A) since there was no personal delivery nor was it to the chief executive officer, the Court's analysis is limited to Rule 4(j)(2)(B), which incorporates the CPLR.

New York law provides:

> 1. Personal service upon the state shall be made by delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state.

> 2. Personal service on a state officer sued solely in an official capacity or state agency, which shall be required to obtain personal jurisdiction over such an officer or agency, shall be made by (1) delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by personal service upon the state in the manner provided by subdivision one of this section. Service by certified mail shall not be complete until the summons is received in a principal office of the agency and until personal service upon the state in the manner provided by subdivision one of this section is completed. For purposes of this subdivision, the term "principal office of the agency" shall mean the location at which the office of the chief executive officer of the agency is generally located. Service by certified mail shall not be effective unless the front of the envelope bears the legend "URGENT LEGAL MAIL" in capital letters. The chief executive officer of every such agency shall designate at least one person, in addition to himself or herself, to accept personal service on behalf of the agency. For purposes of this subdivision the term state agency shall be deemed to refer to any agency, board, bureau, commission, division, tribunal or other entity which constitutes the state for purposes of service under subdivision one of this section.

CPLR § 307.

Defendants argue that "[c]ontrary to the requirements of CPLR §307(2), the summons was not served by certified mail, return receipt requested, and there was no personal service upon the state in the manner provided by §307(1)." Defs.' Mem. at 7. Once more, based on the current record, the Court agrees with Defendants and finds that Plaintiff's Affidavits of Service on Defendants DMV did not comply with CPLR § 307.

### 3. Result of Failure to Effect Proper Service

"Where service is deemed to have been insufficient, the Court has discretion to dismiss the action, but dismissal is not mandatory." Frezzell v. New York State Dep't of Lab., No. 14-

CV-0729, 2016 WL 796063, at *2 (N.D.N.Y. Feb. 24, 2016) (quotation marks omitted and collecting cases) (Kahn, J.). If a complaint is dismissed, it is typically without prejudice absent unusual circumstances. Blasio v. N.Y. State Dep't of Corr. Servs., No. 04-CV-653S, 2005 WL 2133601, at *5 (W.D.N.Y. Aug. 31, 2005). "It is well established that pro se plaintiffs are not excused from complying with procedural rules." Frezzell, 2016 WL 796063, at *3; see McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

However, instead of dismissing the case, the Court will employ the rationale in Trombetta v. Novocin, No. 18-CV-993, 2020 WL 7053301 (S.D.N.Y. Nov. 24, 2020), and grant Plaintiff "a sixty day extension to both obtain correct summonses from the Clerk of Court and properly serve [the Defendants]." Trombetta, 2020 WL 7053301, at *3. This Court recognizes that "[t]he COVID-19 pandemic has indisputably been deeply tragic and disruptive to many aspects of life and legal practice." Hood v. Cath. Health Sys., Inc., No. 20-CV-673, 2020 WL 8371205, at *7 (W.D.N.Y. Sept. 28, 2020). The Court also notes that Plaintiff relied on Servico to effectuate service. Regardless of whether these circumstances amount to good cause under Rule 4(m) of the Federal Rules of Civil Procedure, an extension is warranted. See Meilleur, 682 F.3d at 61. No further extensions will be granted, and if Plaintiff fails to effect proper service on each of the defendants within sixty-days of this opinion, the case will be dismissed under Rule 12(b)(5).

### C. Rule 12(b)(6) Motion to Dismiss

Just as in Trombetta, this Court "is without jurisdiction to decide the remainder of the [] Defendants' claims, including that [Plaintiff] has failed to state a claim upon which relief can be

13

granted." Trombetta, 2020 WL 7053301, at *3. "The Court will decide these issues if and when service of process has been properly executed." Id.[3]

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 14) is **DENIED**;

**ORDERED**, that the Clerk of the Court shall reissue summonses for Defendants Karin Poitras, Elizabeth Romand, and the New York State Department of Motor Vehicles and provide them to Plaintiff so that he may serve these Defendants with a summons and a copy of the Complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that Plaintiff shall have **sixty (60) days** from the date of this Memorandum-Decision and Order to serve Defendants; and it is further

**ORDERED**, that failure to properly serve each of the Defendants will result in the case's dismissal; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

---

[3] Although Plaintiff only raised ADA claims in his Complaint, nothing would prevent this Court at a later juncture from reading the Complaint to raise the strongest possible legal arguments. See, e.g., Quadir v. New York State Dep't of Lab., 39 F. Supp. 3d 528, 537 (S.D.N.Y. 2014) (liberally construing pro se plaintiff's complaint to raise a claim under the Rehabilitation Act).

**IT IS SO ORDERED.**

DATED: March 16, 2022
Albany, New York

LAWRENCE E. KAHN
United States District Judge