UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EDWARD A. YERDON,

                      Plaintiff,

-against-                                        1:21-CV-00565 (LEK/ML)

KARIN POITRAS, *et. al.*,

                      Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On May 17, 2021, pro se Plaintiff Edward Yerdon commenced this action pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, against Defendants Karin Poitras, Elizabeth Romand, and the New York State Department of Motor Vehicles ("DMV") (collectively, "Defendants"). Dkt. No. 1 ("Complaint"). On August 25, 2021, Defendants filed a motion to dismiss for: (1) lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); (2) insufficient service of process pursuant to Rule 12(b)(5); and (3) failure to state a claim pursuant to Rule 12(b)(6), Dkt. No. 14, which this Court denied on March 16, 2022. Dkt. No. 22 ("March Order").

Now before the Court is Defendants' second motion to dismiss, which raises the same 12(b) defenses as their first motion to dismiss. Dkt. No. 31 ("Motion"). Plaintiff has filed a response. Dkt. No. 37 ("Plaintiff's Response"). For the reasons set forth below, the Court grants Defendants' Motion.

**II.    BACKGROUND**

    **A.    Factual Background**

Plaintiff's factual allegations are detailed in the March Order, familiarity with which is

assumed. March Order at 1–2.

### B. Procedural History

Plaintiff commenced this action on May 17, 2021. Dkt. No. 1. Defendants later moved to dismiss Plaintiff's claims pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6). Dkt. No. 14 at 1–2. In their first motion to dismiss, Defendants argued that this Court lacked subject matter jurisdiction over Plaintiff's claims against the DMV. Id. at 3. Specifically, Defendants stated that the Eleventh Amendment barred Plaintiff's claims against the DMV because New York State has not waived its sovereign immunity under Titles I or V of the ADA. Id. However, this Court noted that the Eleventh Amendment is not coextensive with the limitations on judicial power in Article III of the Constitution, and thus found that in the context of a 12(b) motion, sovereign immunity is more akin to an affirmative defense. March Order at 5. Accordingly, the Court found that the DMV's sovereign immunity arguments were properly addressed as a Rule 12(b)(6) motion and stated that 12(b)(6) motions must be considered after 12(b)(5) motions. Id. at 4–5.

The Court next addressed Defendants' 12(b)(5) motion, which sought to dismiss the Complaint on the basis of improper service of process. In particular, Defendants posited that Plaintiff failed to properly serve process on any of the Defendants in accordance with New York State law. Dkt. No. 14 at 5. Defendants contended that "[t]he procedural requirements of service must be satisfied before a federal court may exercise personal jurisdiction over a defendant," id., and as a result, they asserted that the Court should dismiss the Complaint. Id. The Court ultimately agreed with Defendants that Plaintiff failed to effect proper service on Defendants, but instead of dismissing the Complaint, the Court granted Plaintiff a sixty-day extension to effect proper service. March Order at 13.

Thereafter, Plaintiff sought to remedy his improper service in line with the Court's March Order. Dkt. Nos. 24–26. Defendants then filed the pending motion, reiterating the same arguments they made in their first motion to dismiss.

## III.    STANDARD OF REVIEW

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Dynegy Midstream Servs. v. Trammochem, 451 F.3d 83, 94 (2d Cir. 2006) (quoting Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)). Additionally, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging a mode of delivery or lack of delivery of the summons and complaint." Soos v. Niagara Cnty., 195 F. Supp. 3d 458, 463 (W.D.N.Y. 2016) (quoting 5B Wright and Miller, Federal Practice and Procedure § 1353 (3d ed. 2004)). "[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). "When a defendant raises a Rule 12(b)(5) 'challenge to the sufficiency of process, the plaintiff bears the burden of proving its adequacy.'" Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (quoting Preston v. New York, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002), aff'd sub nom. Preston v. Quinn, 87 Fed. App'x 221 (2d Cir. 2004)).

Finally, "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to 'raise the strongest arguments that they suggest.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted). Indeed, district courts must afford pro se litigants "special solitude." Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994) (citing Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988)).

IV.     DISCUSSION

Defendants raise the same defenses they put forth in their first motion to dismiss. See Dkt. No. 14 at 3–8. The Court will first address the Rule 12(b)(5) motion before addressing Defendants' 12(b)(6) arguments because, "[w]here a defendant moves for dismissal under Rules 12(b)(2), (5), and (6), the Court must first address the preliminary questions of service and personal jurisdiction." Styles v. Westchester Cnty., No. 18-CV-12021, 2020 WL 116604, at *4 (S.D.N.Y. Mar. 10, 2020) (quoting Hertzner v. U.S. Postal Serv., No. 05-CV-2371, 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007)).[1] The relevant sections of the New York Civil Practice Law and Rules ("CPLR") and the applicable provisions of Federal Rule of Civil Procedure 4 were detailed in the March Order, familiarity with which is assumed. March Order at 5–11.

First, regarding the DMV, Defendants contend that the Affidavit of Service ("AOS") shows that the summons and complaint were delivered to the New York Attorney General's Office and mailed to the DMV by registered mail on March 30, 2022. Mot. at 5 (citing Dkt. No. 24–26). Defendants posit that this manner of service contravenes CPLR § 307(2), because "the summons was not served by certified mail, return receipt requested; it was not addressed to the chief executive officer of DMV; and the envelope did not bear the legend 'URGENT LEGAL

---

[1] The DMV purportedly brings a motion pursuant to Rule 12(b)(1), arguing that Plaintiff's claims are barred by sovereign immunity. Mot. at 3–4. However, as the Court indicated in the March Order, raising a sovereign immunity defense is more like an affirmative defense rather than a jurisdictional bar. See March Order at 5. Accordingly, the Court again "finds it more appropriate to address the DMV's sovereign immunity arguments as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)." See id.; see also Carver v. Nassau Cnty. Interim Fin. Auth., 730 F.3d 150, 156 (2d Cir. 2013) ("[W]hether the claim of sovereign immunity constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense is an open question in the Supreme Court and Second Circuit . . . More recently, we held that the burden of proof in a case involving the assertion of sovereign immunity is on the party asserting it—a holding that we acknowledged is more consistent with the understanding that sovereign immunity was an affirmative defense." (citations omitted)).

4

MAIL[.]'" Mot. at 5 (internal citations omitted). Additionally, according to Defendants, "Plaintiff did not comply with F.R.C.P. 4(j)(2)(A) since there was no personal delivery on DMV's chief executive officer." Id.

Second, with respect to Poitras, Defendants state: "[T]he AOS indicates that the summons and complaint were delivered to the NYS Attorney General's Office, and mailed to the NYS DMV by registered mail, on March 30, 2022." Id. (citing Dkt. Nos. 25 and 25-1). This attempt at service, according to Defendants, "does not comply with CPLR § 308(1) as there was not personal service upon defendant Poitras." Mot. at 6. Additionally, Defendants argue this attempt does not "comply with CPLR § 308(2) as the summons was not delivered to Defendant Poitras at her place of business or dwelling, nor was it mailed to her actual place of business by first class mail in an envelope bearing the legend 'personal and confidential.'" Id. (citing Dkt. No. 25, 25-1).

Finally, Defendants note that Romand is an employee of the Governor's Office of Employee Relations ("GOER"). Mot. at 6. Based on this fact, Defendants additionally observe that the AOS indicates that the summons and complaint were delivered to the New York Attorney General's Office and mailed to the DMV by registered mail on March 30, 2022. Id. (citing Dkt. Nos. 26, 26-1). Defendants assert that this attempt at service "does not comply with CPLR § 308(1) as there was no personal service upon Defendant Romand nor does it comply with CPLR § 308(2) as the summons was not delivered to Defendant Romand at her place of business or dwelling" and moreover, the summons was not "mailed to her actual place of business by first class mail in an envelope bearing the legend 'personal and confidential.'" Mot. at 6. Defendants assert that because they were not properly served, the Court should dismiss the

5

complaint in its entirety. Mot. at 6. The Court will now analyze whether service was properly effected upon each Defendant.

   1. *Service on the DMV*

Service may be effected on "state-created governmental organizations" like the DMV by "delivering a copy of the summons and of the complaint to its chief executive officer" or serving a copy of each "as prescribed by the state's law." Fed. R. Civ. P. 4(j)(2)(a)–(b). And as Defendants indicate, under New York Law, service may be made upon a New York State Agency by mailing the summons by certified mail, "return receipt requested, to such officer or to the chief executive officer of such agency and by personal service upon the state in the manner provided by" CPLR § 307(1). See CPLR § 307(2).

Here, the Court agrees with Defendants that service was not properly effected on the DMV. The AOS shows that the summons and complaint were delivered to the New York Attorney General's Office and mailed to the DMV by registered mail. Dkt. Nos. 24-1; 24-2. However, Plaintiff failed to comply with both (1) Rule 4(j)(2)(A), since there was not personal delivery on the DMV's chief executive officer; and (2) CPLR § 307(2), which governs service on state agencies, because the summons was not served by "certified mail, return receipt requested," CPLR § 307(2); and because it was not addressed to the chief executive officer of the DMV and the envelope did not bear the legend "URGENT LEGAL MAIL." Id. Accordingly the Court lacks jurisdiction over the DMV because service was improper. Trammochem, 451 F.3d at 94.

   2. *Service on Individuals*

At the outset, the Court notes that the AOS shows that—in an attempt to serve Poitras and Romand—the summons and complaint were delivered to the New York Attorney General's

Office and mailed to the DMV by registered mail on March 30, 2022. Dkt. Nos. 25, 25-1, 26, 26-1. As a result, the Court must determine whether this manner of service complies with Federal Rule of Civil Procedure 4 or the New York State CPLR.

The Court first observes that Plaintiff failed to comply with Rule 4(e)(2). Rule 4(e)(2)(A) prescribes how one may effect service that is delivered personally. See e.g., Ivey v. Albany Cty., No. 20-CV-1617, 2021 WL 6125386, at *4 (N.D.N.Y. Dec. 28, 2021) (Kahn, J.) ("Courts have recognized that the term 'delivery' is a term of art under Rule 4 and it must be personal."); cf. Tate v. YRC Worldwide, Inc., No. 08-CV-0007, 2008 WL 11318316, at *2 (E.D.N.Y. Sept. 23, 2008) ("Because the "term 'delivery' as used in Rule 4(h)(1)(B) does not include service by mail," service under that Rule must be personal—i.e., by hand.") (quoting Travelodge Hotels, Inc. v. Vijay Investments, LLC, No. 07-CV-4033, 2007 WL 4557641, at *1 (D.N.J. Dec. 21, 2007)).

Here, because Plaintiff did not effect service "personally," Plaintiff cannot rely on Rule 4(e)(2)(A). Similarly, Rule 4(e)(2)(B) does not apply to Plaintiff's efforts either. Plaintiff left a copy of the summons and complaint at the individual defendants' place of employment and the New York Attorney General's office, which does not meet the Rule's requirement. See Fed. R. Civ. P. 4(e)(2)(b) (requiring "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"). Moreover, Rule 4(e)(2)(C) is inapplicable because nothing indicates that Plaintiff served process on any of the individual Defendants' "agents authorized by appointment or law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C).

Having determined that Plaintiff failed to comply with Rule 4(e)(2), the Court now turns to Rule 4(e)(1), which incorporates New York State's CPLR. As discussed above, the relevant

CPLR provision is § 308. Under CPLR § 308(1), "service upon a natural person shall be made by delivering the summons within the state to the person to be served." And under CPLR §308(2) service upon a natural person is proper by:

> delivering the summons to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person at their last known residence or by mailing the summons by first class mail to the person at his or her actual place of business in an envelope bearing the legend "personal and confidential."

CPLR § 308(2).

Here, the Court agrees with Defendants that service was not properly effected on the individuals, either. As the Court noted above, the AOS demonstrates that the summons and complaint were delivered to the New York Attorney General's Office and mailed to the NYS DMV by registered mail. Dkt. Nos. 25, 25-1, 26, 26-1. These attempts at service do not comply with CPLR § 308(1) because there was no personal service upon the individual defendants, nor does it comply with CPLR §308(2) since the summons was not delivered to the individual defendants at their place of business or place of abode, nor was it mailed to their actual place of business by first class mail in an envelope bearing the legend "personal and confidential." See CPLR § 308(2). Accordingly, Plaintiff's actions did not comply with CPLR § 308.

3. *Result of Failure to Effect Proper Service*

In the Court's March Order, it concluded that Plaintiff failed to effect proper service. See March Order at 12–13. Instead of dismissing the action, it afforded Plaintiff sixty days to obtain correction summonses from the Clerk of Court and properly serve the defendants, in accordance with the rationale of Trombetta v. Novocin, No. 18-CV-993, 2020 WL 7053301 (S.D.N.Y. Nov. 24, 2020). However, the Court also warned Plaintiff that, "if Plaintiff fails to effect proper service on each of the defendants within sixty-days of this opinion, the case will be dismissed

8

under Rule 12(b)(5)." March Order at 13. Accordingly, in light of this Court's prior statement and Plaintiff's failure to effect service, Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(5) is granted.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 31) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   February 7, 2023
         Albany, New York

LAWRENCE E. KAHN
United States District Judge