UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────

EDWARD A. YERDON,

                  Plaintiff,

  -against-                                         1:21-CV-565 (LEK/ML)

KARIN POITRAS, *et al.*,

                  Defendants.
─────────────────────────────────────────────

**MEMORANDUM-DECISION AND ORDER**

**I.**     **INTRODUCTION**

On May 17, 2021, pro se Plaintiff Edward Yerdon commenced this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, against Defendants Karin Poitras ("Poitras"), Elizabeth Romand ("Romand"), and the New York State Department of Motor Vehicles ("DMV") (collectively, "Defendants"). Dkt. No. 1 ("Complaint"). Defendants now move to dismiss. Dkt. No. 48-1 ("Motion"). Plaintiff has filed a response. Dkt. No. 54.

For the reasons that follow, Defendants' Motion is granted.

**II.**     **BACKGROUND**

The Court assumes familiarity with the factual background and procedural posture of this case, as detailed in this Court's previous Memorandum-Decision and Orders. See Dkt. Nos. 22 at 1–2, 38 at 2–3.

**III.**    **LEGAL STANDARD**

    **A.**  **Rule 12(b)(1)**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for lack of subject matter jurisdiction. "A case is properly dismissed for lack of

subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "To survive a defendant's Rule 12(b)(1) motion to dismiss for lack of standing, plaintiffs must allege facts that affirmatively and plausibly suggest that [they have] standing to sue." Kiryas Joel Alliance v. Village of Kiryas Joel, 495 F. App'x 183, 188 (2d Cir. 2012) (alteration in original) (internal quotation marks omitted). In considering a motion to dismiss under Rule 12(b)(1), a court must accept as true all material factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiffs. See Buday v. N.Y. Yankees P'Ship, 486 F. App'x 894, 896 (2d Cir. 2012). The party asserting lack of subject matter jurisdiction bears the burden of establishing its standing as the proper party to bring this action. See Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc., 697 F.3d 59, 65 (2d Cir. 2012).

**B. Rule 12(b)(6)**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The Supreme Court has

stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleading facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

IV.   **DISCUSSION**

**A. Eleventh Amendment Immunity**

Defendants first move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Specifically, Defendants argue that Eleventh Amendment sovereign immunity applies to Defendants, and therefore deprives this Court of jurisdiction. See Mot. at 8–12.[1]

"Absent valid abrogation or express waiver of State sovereign immunity, the Eleventh Amendment bars actions in federal courts asserted directly against a state and against state agencies that act as arms of the state." Harris v. New York State Educ. Dep't, 419 F. Supp. 2d 530, 533 (S.D.N.Y. 2006) (citing, *inter alia*, Regents of the Univ. of Calif. v. Doe, 519 U.S. 425, 429–30 & n. 5 (1997)). "The Second Circuit has held that an ADA claim for damages against a state official is not barred by the Eleventh Amendment only 'if the plaintiff can establish that the [ADA] violation was motivated by either discriminatory animus or ill will due to disability.'" Clay v. Lee, No. 13-CV-7662, 2019 WL 1284290, at *7 (S.D.N.Y. Mar. 20, 2019) (quoting Garcia v. S.U.N.Y. Health Sci. Ctr. of Brooklyn, 280 F.3d 98, 112 (2d Cir. 2001)). The Second Circuit has indicated that a plaintiff need only to plead "discriminatory animus or ill will" where the plaintiff seeks to enforce the Equal Protection Clause of the Fourteenth Amendment. See Bolmer v. Oliveira, 594 F.3d 134, 148 (2d Cir. 2010); see also Kearney v. N.Y.S. D.O.C.S., No.

---

[1] Page numbers refer to ECF pagination.

11-CV-1281, 2013 WL 5437372, at *9 (N.D.N.Y. Sept. 27, 2013), aff'd sub nom. Kearney v. N.Y.S. Dep't of Corr. Servs., 581 F. App'x 45 (2d Cir. 2014) ("The court in Bolmer held that the discriminatory animus requirement articulated in Garcia only applies where abrogation of sovereign immunity is based on Congress' enforcement of the Equal Protection Clause of the Fourteenth Amendment.")

Defendants argue that Plaintiff is seeking to enforce his Fourteenth Amendment equal protection rights and has failed to plead discriminatory animus or ill will. See Mot. at 11–12. Defendants are correct that Plaintiff is seeking to enforce his equal protection rights, as Plaintiff's Complaint clearly alleges that he was "treated [] differently" from his co-workers due to his disability. Compl. at 5; see also Kearney, 2013 WL 5437372 at *10 (outlining that an inmate's ADA complaints regarding unequal medical treatment "are grounded in the Equal Protection Clause of the Fourteenth Amendment" and Plaintiff must therefore "establish discriminatory animus or ill will"). Defendants are therefore accurate in asserting that Plaintiff must show discriminatory animus or ill will in order to abrogate Eleventh Amendment sovereign immunity. Yet Defendants' argument fails because Plaintiff has in fact pleaded animus or ill will. Plaintiff pleads that: (1) Poitras knew of Plaintiff's disability; (2) Poitras began to treat Plaintiff differently by deliberately "removing tasks and limiting responsibilities"; (3) Poitras made crude jokes regarding suicide and Plaintiff's disability; and (4) Poitras began to provide negative evaluations of Plaintiff only after learning of his disability. Compl. at 5. These facts taken as a whole suggest enough ill will or animosity to abrogate sovereign immunity. Eleventh Amendment immunity therefore does not protect Defendants from suit.

### B. Failure to State a Claim Under the ADA

Defendants next move to dismiss under Rule 12(b)(6), arguing that Plaintiff has failed to state a claim under the ADA. See Mot. at 12–16.

"In order to establish a violation under the ADA, the plaintiffs must demonstrate that (1) they are 'qualified individuals' with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiffs were denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or were otherwise discriminated against by defendants, by reason of plaintiffs' disabilities." Henrietta D. v. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003). "To demonstrate that he is a 'qualified individual with a disability,' the plaintiff must establish that he has a physical or mental impairment and provide evidence that such impairment 'substantially limits one or more of that person's major life activities.'" Andino v. Fischer, 698 F. Supp. 2d 362, 378 (S.D.N.Y. 2010) (quoting Heilweil v. Mount Sinai Hosp., 32 F.3d 718, 722 (2d Cir. 1994)). "'Major life activities' include: 'caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.'" Id. (quoting 42 U.S.C. § 12102(2)(A)) (emphasis omitted).

Title II of the ADA "does not provide for individual capacity suits against state officials." Browdy v. Karpe, 131 F. App'x 751, 754 (2d Cir. 2005). Moreover, "it is well established that the State is the real party in interest for a plaintiff's claims against the individual defendants in their official capacities." Kearney, 2013 WL 5437372, at *5 (cleaned up). "As such, the Supreme Court has explained that a suit brought against a person in his or her official capacity must be treated as a suit against the entity represented by that person, provided that the public entity

5

received notice and an opportunity to respond." Id. (citing Brandon v. Holt, 469 U.S. 464, 471–72 (1985)).

Plaintiff has not specified whether he is suing Poitras and Romand in their official or individual capacities. Should Plaintiff intend to sue them in their official capacities, the Court will treat the claims against DMV as "one and the same." Id.; see also id. ("Where, as here, a plaintiff may proceed on his ADA claims against the State entity directly, it is appropriate for the court to dismiss the official capacity claims because they are redundant of the claims against the government entity.") (cleaned up). Likewise, as Plaintiff cannot maintain "individual capacity suits against state officials," Andino, 698 F. Supp. 2d at 380, Plaintiff's claims against Poitras and Romand are dismissed with prejudice. See Nwaokocha v. Sadowski, 369 F. Supp. 2d 362, 372 (E.D.N.Y. 2005) ("A court [] has discretion to dismiss with prejudice if it believes that amendment would be futile or would unnecessarily expend judicial resources.").

With respect to the remaining claims against DMV, Plaintiff is required to plead that he is a qualified individual with a disability—meaning that he must show that he has an impairment that "substantially limits one or more" of Plaintiff's "major life activities." Heilweil, 32 F.3d at 722. Plaintiff has made no such showing. At most, Plaintiff lists his disabilities as "ADHD learning disabilities, Obsessive Compulsive Disorder, Schizotypal Personality Disorder, [and] Generalized Anxiety Disorder." Compl. at 2. However, Plaintiff does not explain how those disabilities substantially limit one or more of his major life activities. Thus, Plaintiff has failed to plead the first prima facie element of an ADA violation, and his claims against DMV are dismissed without prejudice.

V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion, Dkt. No. 48, is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice** with respect to Defendant New York State Department of Motor Vehicles; and it is further

**ORDERED**, that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED with prejudice** with respect to Defendants Karin Poitras and Elizabeth Romand; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   April 24, 2024
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge